ROGERS, Justice.
 

 A. J. Lacoste and his wife, Mrs. Anne Baird Lacoste, are appealing from a judgment dismissing their suit against Mrs. Caroline Merrick Jones. The dispute is over three small windows in the party wall separating appellee’s property from the property of the appellants. The appellee caused the windows to be installed in the wall when she rebuilt the rear premises of her property. These windows overlook the patio attached to the property of the appellants and they sue to compel the appellee to close the windows.
 

 The facts are simple. On September 20, 1938, Mrs. Caroline Merrick Jones purchased from Henry Artigue the property No. 616 Dumaine Street in the City of New Orleans. Artigue had lived continuously in the property from July 10, 1893, the date on which he acquired the property. The house 'itself, including the side and rear walls, was built many years before it was
 
 *226
 
 purchased by Artigue. At the time Mrs. Jones acquired the property, the adjoining property, No. 612 Dumaine Street, was owned by David Cohen, who sold it to A. J. Lacoste and his wife on March 20, 1939.
 

 At the time Mrs. Jones purchased the property at No. 616 Dumaine Street, the rear portion of the house consisted of two stories. The first story was of brick construction with the left and rear walls following the property line. The second story was, of frame construction resting on and extending from above the brick walls. The house extended to the rear wall, the upstairs room being used as a bathroom, while the downstairs room was used as a laundry. There was a window in the rear wall of the upstairs room.
 

 About a month after her purchase, the contractor employed by Mrs. Jones began the work of remodeling and repairing the property. The frame construction composing the second story of the rear portion of the house was removed and the brick walls, both side and rear of the first story, were extended to the second story. The rear rooms, both downstairs and upstairs, were converted into bedrooms and two small windows were installed in the downstairs room and a small window was installed in the upstairs room. The window in the rear wall of the upstairs room was reinstalled, the same casing being used. The^purpose of Mrs. Jones in causing the additional windows to be installed was to provide light and ventilation for the bedrooms which would otherwise be dark, damp and unsanitary. The windows measure each 3' x 1'6" and they are placed six feet, five inches above the floor level. No objection was made by David Cohen, the then owner of the property at No. 612 Dumaine Street, to the work of remodeling and repairing the Jones’ property,which was completed on February 4, 1939. More than a month thereafter Cohen sold his property to the plaintiffs, Mr. and Mrs. A. J. Lacoste. About three months after their purchase, the Lacostes brought this suit.
 

 Defendant filed an exception of no cause of action based upon the proposition that the work of remodeling and repairing defendant’s property was completed before plaintiffs acquired the Cohen property; that Cohen, the owner of the adjoining property at the time the work was being done on the Jones’1 property, was the only person who could have maintained a cause of action, if any existed, and that this cause of action could not and did not pass to the plaintiffs when they purchased the property. We do not find it necessary to pass on the exception which, so far as the record shows, was not considered by the trial judge.
 

 Plaintiffs seek to maintain their action under the provisions of Article 696 of the Civil Code, which reads as follows: “One neighbor can not, without the consent of the other, open any window or aperture through the wall held in common, in any manner whatever, not even with the obligation, on his part, to confine himself to lights, the frames of which shall be so fixed within the wall that they can not be opened.”
 

 Plaintiffs argue that under the terms of the codal article defendant acted unlawful
 
 *228
 
 ly in causing the windows to be installed in the party wall and that they are entitled to judgment ordering the windows closed.
 

 Defendant relies upon Ordinance No. 9756, Commission Council Series, adopted by the Commission Council of the City of New Orleans on June 7, 1927, under the authority of Act No. 76 of 1910. The important section of the ordinance is Section 1, which reads as follows:
 

 “That existing buildings situated within the fire limits, where supporting walls are brick or masonry, whether the same be party walls or otherwise, may be remodeled or repaired to conform to their present construction where the outside walls of such buildings are no longer used to support an adjoining building or where there is separation between buildings, such remodeling may consist of the installation of approved fire windows for the admission of ample ventilation and light. For residence buildings distance between buildings must be in accordance with the requirements of .the Building Code, provided, however, that in the event the co-owner at any time in the future should erect an adjoining building said co-owner will have the right to close said windows and use the party wall as originally intended.”
 

 Defendant argues that the repairing and remodeling of her building was made in conformity with the provisions of Ordinance 9756 C.iC.S., and that the windows of which plaintiffs complain are approved fire windows for the admission of ventilation and light placed in a party wall, which is not used to support plaintiffs’ building.
 

 Answering defendant’s argument, plaintiffs contend that Ordinance 9756 C.C.S. is contrary to the general law of the State as expressed in Article 696 of the Civil Code, and, furthermore, that the ordinance was repealed by Ordinance No. 14,538, Commission Council Series, sO far as the Vieux Carre is concerned. The properties involved in this suit are situated in the Vieux Carre, or Original French Quarter.
 

 Ordinance 14,538 C.C.S. created the Vieux Carre Commission and placed under its supervision alterations or additions to existing buildings, any portion of which is to front on any public street in the section. The ordinance was subsequently amended, and the powers of the Commission enlarged, by Ordinance No. 15,085, Commission Council Series. This ordinance, however, can not be considered, since it is not properly before the Court as shown by the stipulation of counsel filed in this Court on March 9, 1942.
 

 Plaintiff argues if the Commission Council of the City of New Orleans intended that its Ordinance 9756 should apply to a -case like this, both the ordinance and Act 76 of 1910, under the authority of which it was passed, are unconstitutional. The constitutional question raised by plaintiffs in argument only was settled in the case of Federal Land Bank v. John D. Nix, Jr., Enterprises, 166 La. 566, 117 So. 720. The plaintiff in that case attacked* the constitutionality of Ordinance 9756 C.C.S. and Act 76 of 1910 from every conceivable angle, and this Court, after giving careful consideration to plaintiff’s contentions, up
 
 *230
 
 held the constitutionality of both the ordinance and the statute. The Court also considered the apparent conflict between Ordinance 9756 and Article 696 of the Civil Code, and held that the ordinance superseded the codal article.
 

 The record in the case of the Federal Land Bank v. John D. Nix, Jr., Enterprises, Inc., 166 La. 566, 117 So. 720, shows that the defendant purchased a tenement house adjoining property owned by the bank. In remodeling its building, finding that some of the bedrooms and bathrooms in the building would be too dark for use, defendant undertook to remedy this defect by cutting openings in the party wall separating its property from the property of the bank, and for that purpose defendant obtained a permit from the City Engineer authorizing it to cut twenty-eight openings in the wall. The Federal Land Bank sought an injunction to prevent defendant from cutting the openings and a mandatory injunction to force defendant to fill such openings as were cut, and to restore conditions to their former state. The Court denied the right of the plaintiff bank to force the closing of the openings. The Court found that the work was authorized by Ordinance 9756 C.C.S. of the City of New Orleans and that the ordinance was validly adopted by the municipality in the exercise of its police power.
 

 The factual situation in this case and the factual situation in the Nix case are similar, and the decision in the Nix case is controlling of the decision in this case.'
 

 The record fails to disclose any failure on the part of Mrs. Jones to conform to any applicable regulation or ordinance of the municipality. The windows, which are the subject of the dispute, are in reality nothing more than transoms which appear to have been lawfully installed in the Jones’ property for the purpose of affording light and ventilation to certain bedrooms.
 

 We find no force in appellants’ contention that Ordinance 9756 C.C.S., was partially repealed by Ordinance 14,538 C.C. S., creating the Vieux Carre Commission.
 

 It would seem that the only authority which has the power to enforce the provisions of the ordinance is the Commission itself. The Commission, however, is not before the Court and there is no evidence in' the record that appellee, in remodeling and repairing her building, has failed to comply with any of its regulations. Conceding for the purpose of the discussion that appellants, as well as the Vieux Carre Commission, are entitled to raise the legal question involved in their contention, it suffices to say that they have not pointed out wherein Ordinance 14,538 C.C.S., has repealed Ordinance 9756 C.C.S., either in whole or in part.
 

 It is further argued by appellants that if Ordinance 9756 C.C.S. is not unconstitutional and' has not been repealed by Ordinance 14,538 C.C.S., it nevertheless did not authorize appellee to do what she did in this case. The argument is that as the ordinance specifically provides fire windows may be installed where an outside wall of the building is no longer used to support an adjoining building, or where there is a separation between buildings, it is not applicable to the facts of this case,
 
 *232
 
 because the common wall is used to support the building of appellants until their patio is reached; furthermore, that there is no separation between the building owned by-Mrs. Jones and the building owned by the Lacostes.
 

 The windows were not cut in the wall supporting the buildings owned by the parties. The only building supported by the wall in which the windows were cut is the building owned by Mrs. Jones. The windows themselves open on the patio, or courtyard, attached to the property of the Lacostes. Under the terms of the ordinance itself, should the Lacostes at any time in the future find it to their advantage to erect a building adjoining the wall, they will have a right to close the windows and use the wall as originally intended.
 

 Appellants complain that if appellee’s right to cut the windows is maintained, it means that appellee may, if she sees fit, cut additional windows in the wall or enlarge the windows now in dispute. The complaint is unfounded. The only openings in a party wall authorized by Ordinance 9756 C.C.S. are approved fire windows that are required to admit ventilation and light. Furthermore, the building code expressly regulates the number and size of windows which may be cut into a building. These restrictions are ample to prevent appellee from opening windows at random in the party wall.
 

 Appellants further complain that after the lapse of ten years appellees will have acquired a servitude of light or view, the effect of which would be to forever deprive appellants of their right to use the party wall. This complaint is also unfounded since Ordinance 9756 C.C.S., under the authority of which Mrs. Jones has installed the windows in dispute, expressly provides that “in the event the co-owner at any time in the future should erect an adjoining building, said co-owner will have the right to close said windows and use the party wall as originally intended.”
 

 Obviously, Mrs. Jones can not avail herself of the advantages granted her by the ordinance without at the same time subjecting herself to its disadvantages.
 

 Much stress is laid on what appellants consider is the effect on their privacy of the windows in dispute. The testimony and documentary evidence in the record disclose that these windows are so placed and constructed that no one, without standing on a ladder or a chair, can look out from the Jones’ property over the Lacoste courtyard. Likewise, no one in the Lacoste courtyard, without using a ladder, can look through the windows into the bedrooms of the Jones property.
 

 It appears that the trial judge personally inspected the premises involved in the dispute. He visited the upstairs and downstairs floors of the Jones’ property and the patio attached to the Lacoste property and held Court at that location. His decision in favor of the defendant obviously is based upon his finding that the situation presented in the case is governed by the provisions of Ordinance 9756 C.C.S. and the decision of this Court in the case of Federal Land Bank v. John D. Nix, Jr., Enterprises, Inc., upholding the validity of the ordinance.
 
 *234
 
 We find nothing in the record to warrant ns in disturbing his judgment.
 

 For the reasons assigned, the judgment appealed from is affirmed.